Filed 1/30/25  P. v. Newton CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D084673 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. INF2200461) |
| ROBERT ANTHONY NEWTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Brian E. Hill, Judge.  Reversed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Robin Urbanski, Laura Baggett, and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Appellant Robert Anthony Newton was convicted by a jury of four counts of residential burglary with another person (not an accomplice)

present in the house (Pen. Code,[1] §§ 459 & 667.5, subd. (c)(21)) and four counts of the unauthorized use of personal identifying information (§ 530.5, subd. (a)). The People further alleged, and the jury found true, that Newton carried out each count with planning, sophistication, or professionalism (Cal. Rules of Court, rule 4.421(a)(8)). The trial court then held a bench trial and found true the allegations that Newton had three serious prior convictions (§ 667, subd. (a)) and three strike prior convictions (§§ 667, subds. (c) & (e)(2)(A) & 1170.12, subd. (c)(2)). The court later struck the prior strikes as to two of the burglary counts. The court denied probation and sentenced Newton to a determinate term of 23 years plus a consecutive indeterminate term of 50 years to life.

Newton appeals only his conviction on count 5 for obtaining and using for an unlawful purpose the personal information of Randall E. That count involved a casino "easy-pay ticket" from Agua Caliente Hotel and Casino (Agua Caliente) that Newton exchanged for cash after taking it from Randall E.'s home during a burglary. An easy-pay ticket is a voucher generated by a slot machine representing an amount of money that can be used for play at the casino or can be cashed out from a cashier or redemption machine. The ticket displays the casino name, a validation code, the value of the ticket, and the machine number that generated the ticket.

At Agua Caliente, casino patrons may obtain a "player's card" with a unique identification number. They use the card to earn points for their gaming activity, which they can redeem for complementary rewards. The casino uses the player's card to track a customer's play. To access the account and earn points prior to gambling, the cardholder must enter a four-digit personal identification number (PIN). However, the PIN is not

---

[1]    Undesignated statutory references are to the Penal Code.

2

required to redeem a voucher for cash.  Further, even when a player uses his or her player's card, the resulting easy-pay ticket does not state the owner's name and can be redeemed by anyone in possession of the ticket.  But in the casino's electronic records tracking play, the card is associated with the resulting easy-pay ticket.

Randall E. possessed such a player's card at Agua Caliente.  On July 17, 2021, he used the card for play and received an easy-pay ticket worth $400.12.  During the burglary at Randall E.'s house, Newton took the ticket from Randall E.'s home.  On July 20, 2021, Newton exchanged it for cash at a redemption machine.

Newton contends there was insufficient evidence to convict him of obtaining and using Randall E.'s personal information.  The People concede the conviction on count 5 was error and must be reversed.  We agree and accept the People's concession.  We find this matter appropriately resolved by memorandum opinion.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847.)

" 'When reviewing a challenge to the sufficiency of the evidence, we ask " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " ' " (*People v. Navarro* (2021) 12 Cal.5th 285, 302.)

Section 530.5, subdivision (a), makes it a criminal offense for a "person [to] willfully obtain[ ] *personal identifying information*, as defined in subdivision (b) of Section 530.55, of another person, and use[ ] that information for any unlawful purpose." (Italics added.)  Section 530.55, subdivision (b), provides an extensive list of items that qualify as " 'personal identifying information,' " including "any name, address, telephone number," a "PIN (personal identification number) or password," and "unique electronic

3

data including information identification number assigned to the person." The list concludes with the broad catchall, "or an equivalent form of identification." (*Ibid.*)

Here, no evidence supports Newton obtained or used personal identifying information by taking possession of the easy-pay ticket. Although the casino's internal tracking system associated the ticket with Randall E.'s account, there was no evidence that the face of the ticket displayed any personal identifying information such as Randall E.'s name or player's card number. Nor did any evidence exist suggesting that a PIN or other personal identifying information was required to redeem the voucher. To the contrary, the evidence was that any person in possession of the ticket could redeem it for cash. Consequently, viewing the evidence in the light most favorable to the prosecution, we determine a rational factfinder could not conclude the existence of essential elements of section 530.5, subdivision (a), specifically, that a person obtained and used personal identifying information.

## DISPOSITION

We reverse the conviction on count 5 and remand the case for a full resentencing.

RUBIN, J.

WE CONCUR:

IRION, Acting P. J.

KELETY, J.